Dakieu, Judge.
 

 After stating the material fact as above, proceeded. — A feme covert having a separate estate, may in a Court of Equity be sued as a feme sole, and be proceeded against without her husband, for in respect of her separate estate, she is looked upon as a feme sole. In
 
 Dubois
 
 v.
 
 Hole,
 
 (2
 
 Ver.
 
 614.) Mr.
 
 Raithby
 
 the annotator, has collected and digested all the authorities on this question. In a Court of Equity,
 
 baron
 
 and
 
 feme
 
 are considered as two distinct persons and therefore a wife by her
 
 proehein amy,
 
 may sue her own husband. The question to be settled on this demurrer is, can she sue alone,
 
 informa pauperis.
 
 The courts of equity, as well as the courts of law, permit persons to sue in
 
 forma pauperis,
 
 when proper affidavits are made. (2
 
 Mad. Ch.
 
 256.) But I can find no case where a wife has been permitted to sue her husband in that character. I cannot find any case, where the wife has been permitted to sue alone in a Court of Equity.— Where the husband is made a party defendant,the invariable practice is, for the feme covert to sue by her
 
 pro-chein ami.
 
 The rule is established, I expect, not only to secure costs, but to have a responsible person who would be liable if the process of the court should be abused, and also that a proper and fit adviser might interpose to prevent domestic feuds, and at the same time protect the feme from the frauds and power of the husband. (3
 
 P. Wms.
 
 39.)
 

 The plaintiff asks leave
 
 to
 
 amend her Bill by adding a
 
 proehein amy.
 
 This is an appeal under the late act of Assembly, from an interlocutory decree. This court has no power to make any order or decree in the cause, except on the point appealed from. We are of opinion that the court below erred, in overruling the demurrer; it should have been sustained. This opinion will be certified to the court below.
 

 Per curiam. — Decree overruled.